UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARIUS WASHINGTON,

       Petitioner,

       v.                             CAUSE NO.: 3:21-CV-538-MGG

WARDEN,

       Respondent.

OPINION AND ORDER

Darius Washington, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Miami Correctional Facility (MCF 21-03-0259) in which he was found guilty of resisting staff in violation of Indiana Department of Correction ("IDOC") disciplinary offense B-235. (ECF 2.) For the reasons stated below, the petition is denied.

The charge was initiated on March 13, 2021, when Lieutenant James Robertson wrote a conduct report stating as follows:

> At approximately 11:00 AM on 3/13/2021 while delivering Phase 2 Kosher meals Sergeant Geier stated Offender Washington, Darius # 109268 was refusing to return to his cell. I approached offender Washington where he was sitting at the top of the stairs. I Lieutenant James Robertson gave offender Washington three direct orders to submit to restraint, Washington refused. I, Lieutenant James Robertson deployed a one second burst on the intended target from my issued mark 4 OC canister. [A]s the staff was taking offender Washington down the stairway, for a decontamination shower, he began to resist causing all three staff that was escorting, Sergeant Geier, Officer Miller, Officer Eakright to fall on the stairs. No staff reported injury, signal 3000 was called by me. Washington, Darius # 109268 was treated by medical and decontaminated at OSB2[.]

(ECF 14-1). On March 30, 2021, Mr. Washington was formally notified of the charge. (ECF 14-3.) He pled not guilty and requested a lay advocate, and one was appointed for him. (ECF 14-3; ECF 14-4.) He requested witness statements from the inmates located in cells 443, 444, and 445, who in his words would state, "I didn't push myself down the stairs." (ECF 14-3.) He also requested review of the surveillance video to show that he "put [his] hands behind [his] back multiples time to get cuffed up." (*Id.*)

Prior to the hearing, the hearing officer attempted to watch the surveillance video from the date and time in question but was "unable to see anything due to there being no metadata." (ECF 14-6.) Statements were obtained from the three witnesses Mr. Washington requested. Inmate Corey Scruggs, who was housed in cell 445, stated: "They were taking him down the stairs and he tried to snatch away and they tripped him down the stairs." (ECF 14-7 at 1.) Inmate David Moss, in cell 443, stated: "I don't know." (*Id.* at 2.) The inmate in cell 444, whose name is not legible on his witness statement, stated: "I saw the C.O.'s grab and push Washington down the stairs they [illegible] him and slow down." (*Id.* at 3.)

A hearing was held on April 10, 2021. (ECF 14-5.) In his own defense, Mr. Washington stated that he had his "hands behind his back" during this incident. He offered to plead guilty to a "lesser charge." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) He lost 90 days of earned-time credits and received a credit-class demotion. (*Id.*) His administrative appeals were denied. (ECF 14-9; ECF 14-10; ECF 15-1.) He then filed the present petition raising two claims: (1) he was "[d]enied

requested evidence of video footage"; and (2) "there is no evidence of guilt." (ECF 2 at 2.)

When prisoners lose earned-time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The court understands Mr. Washington's first claim to be that he was denied evidence. In effect, he argues that the prison's failure to have a properly function camera in the area violated his due process rights. (*Id.*) Prisoners have a right to relevant exculpatory evidence, but they do not have the right to the creation of evidence that does not already exist. *Wolff*, 418 U.S. at 556. Here, the record reflects that the hearing officer searched for video evidence pursuant to Mr. Washington's request, but there was no video available for the time and date of the search. (ECF 9-9.) The exact reason why the camera malfunctioned is unclear, but the hearing officer cannot be faulted for

3

failing to consider evidence that did not exist.[1] *Wolff*, 418 U.S. at 556. Furthermore, he

requested the video to show that he put his hands beyond his back when ordered to

"cuff up" by Lieutenant Robertson. (ECF 14-3.) However, such evidence would not

answer the question of what happened on the stairs, which is where he was alleged to

have resisted the officers. He has not established a violation of his due process rights in

connection with the video.

His second claim challenges the sufficiency of the evidence. To satisfy due

process, there only needs to be "some evidence" to support the hearing officer's

decision. *Hill*, 472 U.S. at 455. "This is a lenient standard, requiring no more than a

modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). "Even

meager proof will suffice, so long as the record is not so devoid of evidence that the

findings of the disciplinary board were without support or otherwise arbitrary." *Id.* A

conduct report alone can be sufficient to satisfy the "some evidence" test. *McPherson v.*

*McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Washington was found guilty of violating B-235, which is defined by the

disciplinary code as "[f]leeing or physically resisting a staff member while that staff

member is in the performance of his/her duties." (ECF 14-2.) The conduct report

provides sufficient evidence that Mr. Washington physically resisted as the officers

were escorting him down the stairs, causing them to fall. Mr. Washington protests that

---

[1] He cites to *Nelson v. Stevens*, 861 F. App'x 667 (7th Cir. 2021), but his reliance on that case is unavailing. There, a surveillance video existed, whereas here the camera did not record the time and date in question. Furthermore, the court in *Nelson* concluded that denial of the video did not prejudice the inmate's due process rights.

he did nothing wrong, but he is effectively asking this court to reweigh the evidence to make its own determination of guilt or innocence, which it is not permitted to do. *Webb*, 224 F.3d at 652. The conduct report detailing Lieutenant Robertson's account provides sufficient evidence that Mr. Washington physically resisted staff during this incident. He has not established a federal due process violation.

As a final matter, Mr. Washington may be claiming in his traverse that the charge was initiated by Lieutenant Robertson for an improper reason, specifically, the officer does not like him. (ECF 20; ECF 21.) There is no indication he exhausted such a claim in his administrative appeals, which would preclude him from presenting it here. (*See* ECF 14-9.) In any event, "prisoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson*, 188 F.3d at 787. As outlined in this order, Mr. Washington has not demonstrated that his federal due process rights were violated in the disciplinary proceeding.

For these reasons, the court DENIES the habeas corpus petition (ECF 2), and DIRECTS the clerk to enter judgment in this case.

SO ORDERED on April 22, 2022

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge